## OLE O. SVEIVEN v. ANDREW THOMPSON.[1]

April 29, 1910.

Nos. 16,497—(66).

**Reliance on Representations of Vendor.**

The evidence was sufficient to justify the jury in finding that respondent, without making further inquiry as to the boundary lines, relied on ap-

[1] Reported in 126 N. W. 131.

pellant's representations that the entire farm consisted of the same kind of land as that pointed out to him.

**Market Value — Rental.**

In determining the market value of property, an inquiry as to the gross rental thereof, without also ascertaining the net receipts, was not necessarily prejudicial.

**Same — Value of Parts Separately.**

The market value of an entire farm may be ascertained by inquiry into the value of its separate parts, which, in themselves, are available for specific purposes.

**Same — Valuation in Exchange of Property.**

What may have been paid for property in trade is incompetent for the purpose of establishing its market value.

Action in the district court for Lac qui Parle county to recover $10,000 for false representations as to the location and quality of land which plaintiff received in an exchange of property with defendant. The answer alleged that the parties to the action entered into an agreement for an exchange of land, whereby defendant conveyed to plaintiff the Hennepin county land, subject to a certain mortgage of $3,800, together with the personal property situated thereon, and plaintiff conveyed to defendant his real and personal property situated in Sacred Heart, assumed the mortgage on the Hennepin county land of $3,800 and paid defendant the sum of one thousand dollars; that at the time of the exchange of properties the Hennepin county lands and the personal property thereon so conveyed to plaintiff were worth $18,300, and the Sacred Heart real and personal property so conveyed was worth not to exceed $9,000. The case was tried before Qvale, J., and a jury which rendered a verdict in favor of plaintiff for $700. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*A. W. Ewing* and *H. O. Halvorson,* for appellant.

*Gjertsen & Lund,* for respondent.

LEWIS, J.

Respondent was the owner of certain property in Renville county,

and appellant owned a farm in Hennepin county, in this state; both parties residing in Renville county. In 1906 they entered into negotiations for a trade, and the respondent accompanied the appellant to the farm in Hennepin county, examined the land, and the deal was consummated. Some time thereafter respondent claimed to have been deceived by the representations of appellant as to the location and character of part of the land, brought this action to recover damages, and obtained a verdict of $700.

1. Appellant submits that it conclusively appears from the evidence that no false representations were made by him as to the character and location of the land; that respondent had ample opportunity to examine the farm for himself, and, if he did not become fully informed as to the lines and the amount of low land contained in the farm, it was the result of his own neglect.

There was a sharp conflict in the testimony. Respondent testified that he had never been in the vicinity before; that as they drove into the place appellant remarked that the road they were traveling was on the east line; that the buildings were located on the high land and near the bluff; also that they walked several rods north from the buildings, and appellant pointed to the east, north, and west, and said: "Here is the land that is for sale, north, west, east." The entire farm consisted of two hundred thirty-five acres, about seventy-seven acres of which was low land, a considerable portion of which was covered with water. Respondent testified that from what was said and done by appellant he took it for granted that all of the farm lay upon the high land to the north of the bluff, and that so far as he could see it was satisfactory, and with that understanding entered into the trade. He further testified that, when they were leaving the farm by the same road, appellant pointed out a little slough on the high land, and remarked that it was the only wet land on the farm. Appellant denied that he ever made this statement, and testified that he took respondent to the low land, and showed him the stock in the pasture there, and informed him that the farm included the lands so shown.

The jury evidently accepted respondent's statements with reference to what occurred, and we consider the evidence sufficient to sus-

tain their conclusion. While a cautious man would insist upon having the boundary lines pointed out, yet if respondent was not told that any of the land was located south of the bluff, and appellant, pointing in the direction of the high land, remarked, "Here is the land that is for sale, north, west, east," it was a question of fact whether respondent was entitled to rely on such representations without further inquiry, and whether he was misled by what occurred.

2. One witness was asked what the Renville county property rented for. This was objected to, and the objection overruled. If the evidence as to the value of that property had rested solely upon what it had rented for, a failure to show what the net income was might have been error. But the question and answer were merely incidental to the general inquiry as to its value, the answer was subject to cross-examination, and we discover no prejudice.

3. Objection was also raised to evidence of the value of different parts of the farm, the high land, low land, pasture land, etc. The admission in the answer as to the value of the high land did not prevent inquiry as to different parts of the land for the purpose of ascertaining the value of the whole, and for that purpose it was proper to show the value of the high land pointed out to him by appellant for sale, and also the value of the balance of the farm which was not shown to him. It satisfactorily appears from the record that the value of these different classes of land was ascertained for the purpose of arriving at the value of the entire tract.

4. An effort was made by appellant to prove what he paid in trade for the farm about six months prior to the deal with respondent. This evidence was ruled out upon the ground that it was incompetent, irrelevant, and immaterial. The ruling was correct, under the particular circumstances here involved, as it was too remote, and had no direct bearing on the market value of the land.

Affirmed.