## R. H. ZIMMERMAN v. W. F. MENDELKOW.[1]

October 10, 1924.

No. 24,136.

**Vendee's verdict for false representations sustained.**

1. Action by vendee for damages for false representations concerning the character of a farm and the quality of its soil. The evidence is sufficient to sustain the verdict in his favor.

**Rulings on evidence correct.**

2. There was no reversible error in the rulings admitting or excluding evidence.

Action in the district court for Brown county to recover $11,200. The case was tried before Gislason, J., and a jury which returned a verdict for $5,600. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed after reargument.

*T. O. Streissguth*, for appellant.

*Albert Hauser*, for respondent.

TAYLOR, C.

On December 19, 1919, plaintiff as vendee entered into a written contract with defendant as vendor for the purchase of a farm in Brown county for the sum of $33,600, being at the rate of $210 per acre. He paid the sum of $10,000 as provided in the contract, and, on March 1, 1920, received a warranty deed of the farm and executed to defendant a mortgage thereon for the remainder of the purchase price payable on or before March 1, 1935, with interest at the rate of 5 per centum per annum, payable annually. The interest due in the years 1921 and 1922 remaining unpaid, defendant foreclosed the mortgage and at the sale on June 10, 1922, bid in the property for the amount of the mortgage. There was no redemption from the sale and title has vested in defendant. Plaintiff took possession of

[1]Reported in 200 N. W. 297, 201 N. W. 289.

the farm in March, 1920, and was still in possession at the time of the trial, having arranged with defendant to remain in possession until the spring of 1924.

After the expiration of the time for redemption, plaintiff brought this action for damages for false representations concerning the character of the land and the quality of the soil and recovered a verdict for the sum of $5,600. Defendant appealed from an order denying his alternative motion for judgment non obstante or for a new trial.

Plaintiff alleged and testified that defendant represented that there was no stone, gravel or sand on the land, and that the soil was of good quality and farm free from quackgrass. Defendant denied making any representations. Whether such representations were made was a question for the jury and they found for plaintiff. The evidence also warranted the jury in finding that parts of the land were stony and that a large part of it was gravel and sand with only a scant covering of surface soil.

Most of the assignments of error challenge rulings excluding or admitting evidence. The court was rather strict in applying the rules of evidence, but applied them impartially to both parties. Some of the testimony excluded might well have been admitted, but we find no rulings which affected the substantial rights of defendant prejudicially, or which would justify a reversal. See G. S. 1913, § 7789. We shall mention specifically only rulings on which defendant lays particular stress.

Plaintiff was permitted to testify as to the value of the land at the time he purchased it in December, 1919, in its actual condition at that time. Defendant insists that plaintiff was not within the rule which permits an owner to testify as to the value of his property for the reason that he had been a resident of Iowa theretofore and at the time of his purchase had no knowledge of the value of land in Brown county, Minnesota. Plaintiff took up his residence on the land shortly after purchasing it, and had cultivated and cropped it four seasons before giving his testimony. We think the court did not exceed its discretion in receiving his testimony. Its weight was for the jury to determine. That they gave it little

weight is shown by the verdict, from which it appears that they fixed the value at $35 per acre higher than the value fixed by the plaintiff.

Defendant complains of the exclusion of a letter written by plaintiff to defendant's attorney shortly after the foreclosure proceedings were begun. In the letter plaintiff suggested that if defendant would like possession of the place at once they might make a deal to that effect if plaintiff would buy his outfit. Nothing came of the suggestion and we find no prejudicial error in excluding the letter.

Both parties presented the testimony of real estate dealers, familiar with the farm, as to its value in December, 1919. It appeared that following the year 1919 there was a marked decline in the value of farm land. Defendant complains that testimony tending to show the extent of this decline was excluded. The fact of the decline was undisputed and its exact extent was of no importance in this case.

The witness Waterman, who sold the farm to the defendant in the spring of 1919, had owned and operated it for several years. He was engaged in raising blooded hogs and blooded stock. He kept a record of the money received from sales, but not of the crops raised on the farm. Only an inconsiderable part of the money received was from the sale of crops. Defendant offered this record in evidence and sought to prove the amounts of money received for farm products. The court stated that the witness could testify, so far as he was able, as to what crops he had raised on the land, but excluded this record and testimony as to the amounts of money received. We see no error in these rulings.

Defendant bought the farm April 7, 1919, and sold it to plaintiff December 19, 1919. He urges error in excluding proof of the price he paid for it in April. Under some circumstances, especially if better evidence be lacking, the purchase price may be shown as evidence of value. Sveiven v. Thompson, 110 Minn. 484, 126 N. W. 131. Here both parties presented the testimony of qualified witnesses as to the value of the land at the time of the sale to plain-

tiff, and the court did not abuse its discretion in excluding proof of the price paid for it by defendant eight months earlier.

In the fall of 1920, plaintiff tried to induce defendant to take the farm back and repay him the amount paid thereon. For this purpose plaintiff, accompanied by his wife, visited defendant at defendant's farm in Nicollet county. Defendant's daughter testified that on this visit plaintiff's wife stated to defendant's wife: "I would not trade my place for your home—that is my home—I love my home, I have a nicer home than you have here—I have everything nice and convenient in my home."

This testimony was stricken on motion of plaintiff. Defendant insists that this statement, not having been disputed by plaintiff at the time it was made, was admissible as tending to refute his claim of false representations. It is conceded that there was an unusually fine and well equipped and well arranged set of modern buildings on the farm; and plaintiff insists that this statement, if made (which is denied), referred to the house and buildings and not to the character or quality of the land. Without considering other questions, it is sufficient to say that at the time this testimony was stricken it did not appear that the statement was made in the presence or hearing of plaintiff.

We have examined the other questions raised but find none requiring special mention. The case was submitted to the jury fairly, impartially and correctly, and we find nothing in the record of which defendant can justly complain or which would justify a reversal.

Order affirmed.

STONE, J. (dissenting.)

I dissent. We all agree that the rules of evidence were applied with an inflexibility not to be approved. True, it was done with attempted impartiality, but defendant, in my judgment, got somewhat the worst of it.

Plaintiff's letter of June 14, 1922, discusses a possible "deal" for the surrender of the farm by the plaintiff to defendant. It assumes that defendant "would like possession of the place soon." It is entirely silent as to any claim asserted or intended to be asserted

by plaintiff against defendant. That silence throws serious doubt upon plaintiff's subsequently asserted cause of action.

The letter in question is clearly open to interpretation as a persuasive admission against interest and, I submit, should have been admitted in evidence as such. To me, its exclusion seems to have been prejudicial.

### AFTER REARGUMENT.

On December 5, 1924, the following opinion was filed:

PER CURIAM.

A reargument was granted of the question whether the ruling excluding from the jury the letter of June 14, 1922, written by plaintiff to defendant's attorneys, was prejudicial error. The letter was written 4 days after the foreclosure sale, and was, in substance, an offer to surrender possession of the farm at once, if defendant would buy plaintiff's outfit. It contained nothing to indicate that plaintiff had a claim of any sort against defendant. He had occupied the land for 2 years at that time. A year later he brought the present action, alleging that defendant had made false representations concerning the character of the land. The defendant emphatically denied making any of the representations alleged.

After hearing the reargument and giving the question further consideration, the court is of opinion that, in view of the state of the evidence and of the circumstances disclosed at the trial, the defendant was entitled to have this letter go to the jury, as they might infer from it that his position at that time was not consistent with his position and claim in the present action. For this reason the former decision is vacated, and the order appealed from is reversed and a new trial granted.