## CORY v. KING & CO.

1. **Practice: DEFAULT: JUDGMENT.** The judgment, by default, of a justice of the peace cannot be impeached by affidavits showing that the default was taken before the proper time therefor. His record showing that the judgment was rendered at the proper time is conclusive as to the fact.

*Appeal from Tama Circuit Court.*

THURSDAY, OCTOBER 24.

ACTION before a justice of the peace. A judgment by default was rendered on July 19, 1875, against the defendants. On the next day the defendants appeared and filed a motion, accompanied with affidavits, showing among other things a meritorious defense to set aside the default and judgment on the ground that it had been rendered before the time allowed by law. The motion was overruled. A writ of error was sued out from the Circuit Court, and the judgment and ruling of the justice were affirmed. The defendants appeal. The certificate required by law was given by the trial judge.

*Struble & Goodrich,* for appellants.

*Mills & Stinson,* for appellee.

SEEVERS, J.—The defendants were required to appear before the justice at nine o'clock A. M. The docket of the justice, and also his return to the writ of error, state as follows: "Now, to-wit: July 19, 1875, at nine o'clock A. M., court is in session, and after waiting one hour suit is called. Defendants failing to appear are in default."

If this statement is true the default was not entered too soon. Affidavits were introduced impeaching the return of the justice. We think this cannot be done. There is no statute sanctioning such a course. As to the time when a

default was entered or a cause tried the return of the justice must be conclusive. Without doubt it is true but few time-pieces are in exact accord. The law casts upon the justice the duty of determining when the proper time arrives to render a default, and his judgment must be conclusive as to this question of fact. If, by reason of a mistake of the justice in this respect, the defendant is deprived of the opportunity to put in his defense, he can do so on appeal (Code, § 3596), and if he is deprived of the privilege of setting up a counter-claim he can bring an action thereon, so that he is not deprived of a sufficient remedy.

Much wrong and expense would be entailed on parties if defaults could be set aside because rendered a few minutes too soon, in the opinion of some one other than the justice. And especially would this be true if the time could be shown by affidavit and a comparison of watches. There can be but one correct time at a given place, and when the justice states in his docket and return that such time had arrived, the conclusive presumption is he referred to the true time.

AFFIRMED.