## THE CENTRAL IOWA R'Y CO. v. PIERSOL ET AL.

1. **Justices' Court:** JUDGMENT BY DEFAULT RENDERED OUT OF TIME: IRREGULAR BUT NOT VOID: REMEDY: INJUNCTION. A cause was regularly commenced in justice's court by service of notice on defendant, and was set for 9 o'clock, A. M. Plaintiff appeared soon after 9 o'clock, and before 10 o'clock, defendant not having appeared, the justice stated that, as there was no appearance for defendant, he would enter judgment for plaintiff by default on the itemized and verified account sued on; and he began to make the entry, but, desiring to leave town, he closed his docket, without completing the entry, stating that he would do what further was necessary on his return in the afternoon. Before 10 o'clock the defendant appeared, examined the docket, found no judgment entered and the justice gone, and after 10 o'clock he departed, and gave the case no further attention. At 3 o'clock P. M. of the same day the justice returned and completed the judgment entry. Execution was issued, and this action was to enjoin its enforcement. *Held* that the judgment was irregular, but not void, and that the remedy was by appeal or writ of error, and that injunction would not lie to restrain the enforcement of the judgment.

ADAMS, J., *dissenting.*

*Appeal from Cerro Gordo Circuit Court.*

MONDAY, MARCH 17.

DEFENDANT, Piersol, is a justice of the peace. He entered a judgment against plaintiff in favor of defendant, J. J. Clough, and an execution was issued thereon and placed in the hands of defendant, G. M. Strong, who is constable. Plaintiff brought this action to enjoin the enforcement of said judgmant. A temporary injunction was allowed by the judge of the circuit court in vacation, but on the final hearing of the cause this order was vacated, and plaintiff's petition was dismissed. Plaintiff appeals.

*H. E. J. Boardman, J. H. Blair* and *A. C. Daly,* for appellant.

*Cliggett, Miller & Cliggett* and *P. G. Dougherty,* for appellees.

The Central Iowa R'y Co. v. Piersol et al.

REED, J.—The judgment sought to be enjoined was rendered in an ordinary action on a money demand. The action was regularly commenced by the service of notice on the defendant. The case was set for trial at 9 o'clock A. M., on the eighteenth of June, 1881. The plaintiff in the action and his attorney appeared at the office of the justice before whom it was pending, at 9 o'clock, or soon thereafter. The cause was called at some time between 9 and 10 o'clock, and the justice stated to the plaintiff's attorney that, as there was no appearance for defendant, he would enter judgment for plaintiff by default. The action was on an account, an itemized statement of which, duly verified, was filed with the justice, so that, in case the defendant made default, it would be unnecessary for the plaintiff to introduce any evidence to establish his claim. The justice opened his docket for the purpose of making the necessary entry therein, but, as he was desirous of going to a neighboring town that morning by the train, and as he heard the train coming before he completed the entry, he closed the docket, stating to the attorney that he would do whatever else was necessary to be done in the case after he returned in the afternoon.

There is some conflict in the evidence on the question as to whether the default was entered of record before the justice left his office; but we think a preponderance of the evidence shows that it was not entered at that time. The justice left his office at 9 o'clock and 50 minutes, and, between that time and 10 o'clock an attorney for the defendant in the action appeared at the office for the purpose of appearing in the action for the defendant, and making defense therein. He examined the justice's docket, and, finding that no judgment had been entered against his client, and not finding the justice at his office, he left the office after 10 o'clock, and gave the case no further attention on that day. The justice returned to his office at 3 o'clock in the afternoon, and then completed the judgment entry in his docket. The attorney for the defendant did not learn that the judgment had been

entered until the twenty-seventh of June. He then wrote to the justice, complaining of his action, and insisting that the judgment was void, and threatening to institute a. personal action against him for damages unless the judgment was canceled. After some further correspondence between the parties, the justice, on the eighth of July, entered on the record of the judgment an order to the effect that it was canceled by request of the defendant, on the claim that the judgment was void, because rendered by default before the expiration of the time within which defendant had the right to appear and defend.

The ground upon which plaintiff seeks to enjoin said judgment is that, as it was entitled to appear in the case and make its defense at any time before 10 o'clock on the appearance day, and as it did appear at the office of the justice within that time for the purpose of making its defense, and was only prevented from doing so by the absence of the justice, he ceased to have jurisdiction of it, and the judgment which he subsequently entered is void for that reason. We think, however, that the position is not tenable. The action, as we have seen, was regularly commenced. The justice had jurisdiction of the case and of the parties. If he had entered the judgment in his docket before 10 o'clock, his action would have been erroneous, but the judgment would not have been void. *Cory v. King*, 49 Iowa, 365. In doing so, he would have been acting within his jurisdiction, but erroneously, and, under the well-settled rule in this state, the error could be corrected only in a direct proceeding, such as appeal or writ of error. *Cooper v. Sunderland*, 3 Iowa, 114; *Morrow v. Weed*, 4 Id., 77; *Dishon v. Smith*, 10 Id., 212; *Ryan v. Varga*, 37 Id., 78. It is probably true that no rights of the parties were determined by the oral statement of the justice, before he left his office, that he would enter judgment for plaintiff by default. Defendant had the right, notwithstanding that statement, to make its defense, and plaintiff gained no advantage from it. But what was done at that time had the effect

to postpone the trial of the cause until 3 o'clock. The justice had the power to adjourn the cause, but probably not on the ground on which he did adjourn it. Code, § 3527. His action in adjourning it was irregular and erroneous, but was not void. He did not lose jurisdiction of either the parties or the cause by adjourning it. But the cause was still pending, and he had jurisdiction of the parties when he entered the judgment. The most that can be said, then, is that the judgment was erroneous. But plaintiff has no remedy by injunction on that ground. The judgment of the circuit court is, therefore,

AFFIRMED.

ADAMS, J., *dissenting.*—Section 3525 of the Code provides that "the parties in all cases are entitled to one hour in which to appear after the time fixed for appearance, and neither party is bound to wait for the other." The railway company, the defendant in the action before the justice, appeared within the time allowed, and waited until the expiration of the hour. By express provision it was not bound to wait longer, yet, according to the majority opinion, as I understand it, the company was bound to wait indefinitely, or suffer a default. If a defendant can be required to assume that a case, not expressly postponed nor adjourned, neither plaintiff nor justice being present at the time set, nor during the hour, is liable to be called for hearing afterwards during the day, he must assume, so far as I can see, that it is liable to be called for hearing at any time thereafter. That a justice should be allowed to abandon his office for weeks or months, and return at his pleasure and proceed at once to call for hearing all the cases on his docket, is to my mind without reason or warrant.

It may be that a justice is not without jurisdiction to render a judgment in *advance* of the time set. But such case is different from the one in question. After the time set, and the expiration of the hour during which the defendant is

bound to wait, no appearance being made by the plaintiff, nor express postponement nor adjournment being made, I think that the defendant has a right to assume that the case has been abandoned, and govern himself accordingly. The case to my mind is not different from what it would be if the plaintiff had appeared and directed an order of dismissal to be entered. The defendant might assume that it would be entered, and govern himself accordingly. Such direction would stand for a dismissal, and the justice be deemed to be. without jurisdiction to do more than enter the order. An abandonment of a case under circumstances like those shown should not be deemed to have less force than a direction by the plaintiff to dismiss. I think that the justice. lost jurisdiction, and that the plaintiff was entitled to an injunction as prayed.