LORETTA WORRALL v. DES MOINES RETAIL GROCERS'
ASSOCIATION, Appellant.

**Former adjudication:** SUBMISSION OF ISSUE.   In this action for the wrongful levy of an execution on exempt property, the defendant pleaded an adjudication of the question of exemption, relying upon a judgment rendered by a justice of the peace.   The evidence tended to show that the cause before the justice was continued by agreement of parties, when judgment was entered. *Held,* that the issue of adjudication was in the case and that the court erred in refusing to submit it to the jury by proper instructions.

**Justice of the peace:** JUDGMENTS: CONCLUSIVENESS.   The judgment of a justice of the peace is as conclusive upon the parties, concerning all matters adjudicated, as that of any other court; and where a judgment was entered at an adjourned date agreed upon by the parties, even though beyond the statutory period for judgment without consent, it is binding upon the parties, and they are as effectively estopped thereby as if entered in any other court.

**Damages:** EVIDENCE: MARKET VALUE.   Where it is shown that there was a regular and well established market for secondhand goods, the measure of damages for the wrongful taking of the same was the retail value of the goods in the market and not their actual value; for as a general rule actual value can not be shown, until it is made to appear that there was no market value. Weaver, J., dissenting in part.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

TUESDAY, NOVEMBER 19, 1912.

SUIT to recover damages for the wrongful levy of an execution on exempt personal property.   There was a verdict and judgment for the plaintiff.   The defendant appeals. —*Reversed.*

*Graham & Graham,* for appellant.

*J. L. Witmer,* for appellee.

SHERWIN, J.—The defendant had a judgment against the plaintiff and her divorced husband, and caused the issuance of an execution and a levy thereunder on household goods in the possession of the plaintiff. Shortly after the levy made by the defendant, Chase & Co., of Des Moines, caused a second levy on the same goods; process in both of these cases having issued from the same justice court in Des Moines. After both levies had been made, the plaintiff herein, Mrs. Worrall, served notice that she claimed all of said property as exempt to her. This was denied by both the defendant and Chase & Co. Issue was joined on the question of exemption before F. A. Cope, the justice of the peace, before whom the case was pending. A trial was had on the merits, and it was found that the goods levied on were not exempt to Mrs. Worrall. No appeal was ever taken from said judgment. The trial on the question of exemption was completed September 18, 1908, and the justice took the matter under advisement and continued the case until September 21, 1908. On the 21st of September, the case was again continued for a period of three days, and judgment was finally entered by the justice on the 24th day of September. Thereafter the plaintiff herein, Mrs. Worrall, brought an action in equity against Chase & Co., asking that they be restrained from enforcing their judgment against her. That case finally reached this court, and we held therein that the judgment obtained by Chase & Co. against Mrs. Worrall was void for want of jurisdiction in the justice to render it six days after the cause had been submitted to him for final action. *Worrall v. Chase & Co.,* 144 Iowa, 665.

I. In the case now before us, the defendant pleaded former adjudication as to the question of exemption, rely-

ing upon the judgment rendered by the justice of the peace

1. FORMER ADJUDICATION: submission of issue.

in the proceedings to which we have already referred. There was evidence tending to show that the continuance of the case before the justice from the 21st to the 24th of September was by mutual consent, and the defendant asked an instruction to the effect that if such continuance was agreed upon by Mrs. Worrall and this defendant, and that judgment was on said day rendered against the claim of Mrs. Worrall, it would constitute an adjudication of the exemption rights of Mrs. Worrall. This instruction was refused, and the court did not instruct on the question of a previous adjudication. This instruction, or a similar one, should have been given. The issue of former adjudication was before the court, and there was evidence tending to show that there had been an adjudication, so far as this defendant is concerned, in the trial before the justice.

The judgment of a justice of the peace is as conclusive on the parties as is the judgment of any other court.

2. JUSTICE OF THE PEACE: judgments: conclusiveness.

*Central Iowa Ry. Co. v. Piersol,* 65 Iowa, 498. And a judgment of a court of jurisdiction is conclusive as to all points and questions adjudicated. *Beh v. Bay,* 127 Iowa, 246; *Reynolds v. Lyon County,* 121 Iowa, 733.

We entertain no doubt as to the jurisdiction of the justice to render judgment on the 24th day of September, if, as a matter of fact, the parties to the action consented to a continuance to that time. It is only where the decision is delayed beyond the statutory period for judgment, without the consent of the parties, that the justice loses jurisdiction to render a valid judgment. See *Iowa Union Telephone Co. v. Boyland,* 86 Iowa, 90. We think it a general rule that parties to an action in a justice court are bound and estopped by their stipulation as effectively as they are in any other court. The statute (Code, section 4522) requiring judgment to be entered within three

days after the cause is submitted to the justice for final action is undoubtedly intended for the protection of litigants, and may be waived without the loss of jurisdiction by the justice.

II.   The defendant offered evidence tending to show that there was a regular and well established market for secondhand furniture in Des Moines, and a well established market price therefor.   On the other hand, the plaintiff was allowed to prove, over defendant's objections, the actual value of said goods.   The defendant asked an instruction to the effect that, if it was found that there was in Des Moines at the time of the levy an established secondhand retail market for used furniture, then the proper measure of plaintiff's damages would be the secondhand retail value of the furniture taken.   We think the instruction should have been given.   It is the general rule that the value of property is to be established by evidence of what it is worth in the market.   *Scott v. Security F. Ins. Co.*, 98 Iowa, 67; *Read v. State Ins. Co.*, 103 Iowa, 307.

3. DAMAGES: evidence: market value.

Before the actual value can be shown, it must appear that there is no market value.   *Lundvick v. Ins. Co.*, 128 Iowa, 376; *Houghtaling v. Chicago G. W. Ry. Co.*, 117 Iowa, 540.   That there may be as certain a market value for secondhand goods as for new goods is quite possible, and, where such is the case, such value should govern.

Other errors are presented, but they need not be, discussed in view of our reversal on the points indicated. Judgment—*Reversed*.

WEAVER, J.—I concur in the conclusion announced and in the argument of the foregoing opinion except in so far as it is expressed in the second paragraph.   I do not agree in its holding upon the measure of damages.