(96 South. 68)

**MOTOR SALES CORPORATION v. WISDOM.** (6 Div. 866.)

(Supreme Court of Alabama. April 12, 1923.)

**1. Trover and conversion ⬅39—Evidence of value of property admissible, though count relating thereto subsequently eliminated.**

Where amended petition sought damages not only for conversion of automobile roadster, but also for conversion of touring car, traded to defendant for the roadster, evidence of the value of touring car was admissible, though count relating thereto was subsequently eliminated.

**2. Appeal and error ⬅231(5)—Objection to evidence of repairs on converted automobile properly overruled, when not made on ground that amount was not shown to be reasonable.**

In action for conversion of automobile, overruling objection to testimony as to cost of repairs previously made on the automobile was not reviewable, where objection was general

and did not specify as a ground that the amount was not shown to be reasonable.

**3. Evidence ⬅502—Admission of cross-examination of witness testifying to value held not error.**

In action for conversion of automobile where witness for defendant testified that its value was only $25 to $50, question on cross-examination whether he did not know that defendant had rated it at $195 *held* properly admitted, especially where he answered that he did not know.

**4. Evidence ⬅157(4)—Testimony that witness heard foreman of repair shop advise against making of repairs inadmissible as not the best evidence.**

In action for converting automobile, if fact that foreman of defendant's repair shop had advised against making of repairs was relevant or material, testimony of witness that he heard such advice was not the best evidence thereof.

**5. Evidence ⬅113(21)—That two tires were new admissible on question of value of automobile.**

On question of market value of automobile, evidence that two tires were new was admissible.

**6. Trover and conversion ⬅39—Testimony as to value held properly excluded for indefiniteness.**

Where defendant claimed automobile he was charged with converting was worth only $30, a question, asked his witness, whether he had bought other cars as good for $30, was properly excluded because indefinite as to locality or time.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by H. A. Wisdom against the Motor Sales Corporation. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Stokely, Scrivner & Dominick and Andrew J. Thomas, all of Birmingham, for appellant.

The measure of damages in an action for the conversion of a chattel is the fair market value of the chattel at the time and place of conversion, with interest to date of trial. Howton v. Mathias, 197 Ala. 457, 73 South. 92; Miller v. Millstead & Hill, 17 Ala. App. 6, 81 South. 182; Massey v. Fain, 1 Ala. App. 424, 55 South. 936. Evidence as to the amount of damage should be confined to the market value of the chattel converted. So. Exp. Co. v. Owens, 146 Ala. 412, 41 South. 752, 8 L. R. A. (N. S.) 369, 119 Am. St. Rep. 41, 9 Ann. Cas. 1143; Hay v. Boggs, 77 Wash. 329, 137 Pac. 474; Sveiven v. Thompson, 110 Minn. 484, 126 N. W. 131; Worrall v. Des Moines Retail Ass'n, 157 Iowa, 385, 138 N. W. 481.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ben F. Ray and Roderick Beddow, both of Birmingham, for appellee.

Market value is the price fixed by the buyer and seller in an open market, in the usual and ordinary course of trade. 26 Cyc. 818; Ketchum v. Buffalo, 14 N. Y. 356; Massey v. Fain, 1 Ala. App. 424, 55 South. 936.

GARDNER, J. This is an appeal from a judgment recovered by appellee against appellant in an action of trover for the conversion of one Maxwell roadster automobile.

Defendant, as we gather from this record, was engaged in the repair as well as the purchase and sale of automobiles, particularly the Maxwell make of car. Plaintiff was the owner of a five-passenger 1917 model Maxwell touring car, and carried the same to defendant's place of business in Birmingham for repairs. Negotiations were begun between the parties for an exchange of cars, resulting in a trade wherein the plaintiff gave the touring car and a check for $300 in exchange for a Maxwell roadster, 1919 model, of the defendant. Plaintiff took away the roadster which he had acquired in the exchange, but soon brought it back to defendant's place of business, complaining that it would not run without "jumping out of gear," and offered to rescind the trade; but no agreement was reached as to a rescission. Plaintiff stopped the payment of his check, and, according to plaintiff's version, immediately upon learning this fact defendant, without plaintiff's consent, took charge of the roadster, carried it into its garage, and afterwards sold the same.

The complaint as originally filed sought damages for the conversion of the Maxwell roadster, but was subsequently amended by adding a fifth count seeking damages for the conversion of the Maxwell touring car. Upon the conclusion of the evidence, the trial court gave the affirmative charge for the defendant as to this latter count, and instructed them there could be no recovery for the touring car.

[1, 2] Counsel for appellant strenuously argue that any evidence as to the value of the touring car was irrelevant and inadmissible as the value of the roadster, for the conversion of which the verdict was rendered, could not be determined or influenced by the value of the touring car, citing in support thereof Hay v. Boggs, 77 Wash. 329, 137 Pac. 474; Sveiven v. Thompson, 110 Minn. 484, 126 N. W. 131; Worrall v. Des Moines Retail Ass'n, 157 Iowa, 385, 138 N. W. 481; Galliero v. Chi. B. & Q. R. Co., 116 Iowa, 319, 89 N. W. 1109—among other authorities which we have read with interest.

None of these cases, however, involved a transaction where the litigation arose between those who were parties to the exchange, such as was presented to the Court of Appeals in Massey v. Fain, 1 Ala. App. 424, 55 South. 936.

However, this argument of appellant assumes that at the time the testimony was being offered the pleadings presented only an issue as to the Maxwell roadster, while, as previously stated, the count seeking recovery for a conversion of the touring car was also before the jury, and was only eliminated at the conclusion of the testimony. The evidence therefore offered under these circumstances, tending to establish the market value of the touring car, was admissible without regard to any other consideration. Indeed, plaintiff was permitted, without objection, in the opening of his case to testify that the defendant in effect admitted the market value of his touring car to be $150. Just following this testimony the plaintiff was permitted to show that after this estimate of valuation he had repair work done with the defendant at a cost of $120. The defendant objected to the question calling for this testimony upon the ground it was immaterial, illegal, incompetent, and irrelevant, and it is now insisted that the trial court erred upon the theory that it should also have been shown the amount expended was reasonable, citing L. & N. R. R. Co. v. Mertz, 149 Ala. 561, 43 South. 7; B. R. L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96.

The objection interposed did not specify this ground, and we are of the opinion that therefore the trial court cannot be placed in error for overruling such objection. Nor do we mean to indicate that the objection otherwise would have been well taken in view of the fact that defendant himself made the repairs and accepted payment thereof in this amount (Massey v. Fain, supra)—a question which we need not here determine.

[3] One Duffy, testifying for the defendant, gave his opinion as to the value of the touring car at from $25 to $50; and we find no error in overruling the objection to the question asked by the plaintiff of this witness upon cross-examination if he did not know that defendant had rated this particular car at $195. Moreover, the witness answered in the negative that he did not know it. The twelfth assignment of error is therefore without merit.

[4] The defendant offered to show by witness Duffy that he heard Ragsdale, the foreman of defendant's repair shop, advise against making the repairs on the car. It is a general rule that parties should offer the best evidence available for the proof of a given fact and if this evidence was by defendant considered relevant or material no reason appears from this record why defendant did not offer Ragsdale as a witness either in proof of the advice or as to the reasonableness of the charges made. The court did not err in sustaining plaintiff's objection.

[5] Clearly, the market value of the touring car would be affected to some extent by the fact that two of the tires were new, and we do not think the court committed error in permitting the plaintiff to so testify.

[6] The evidence for defendant tended to show that an employee of the defendant's repair shop was one of the purchasers of the touring car, and that it was sold for $30, and further that this amount represented its fair market value. On redirect examination, defendant asked this witness if he had bought other cars of as good quality as that for $30. Plaintiff's objection was sustained, and in this there was no error. Aside from all other considerations, the question was entirely indefinite as to locality or time.

This criticism is also applicable to the question asked the witness Thrupp by defendant, to which objection was sustained constituting the nineteenth assignment of error. Moreover, this witness had already testified as to the market value of the car being $30.

The remaining assignment of error relates to the action of the court in overruling the motion for new trial based, it seems, principally upon the ground the verdict was excessive. The rule governing questions of this character is well understood and needs no repetition here. Suffice it to say the record has been most carefully examined, and we are not persuaded the action of the trial court in overruling the motion should be here disturbed.

Finding no reversible error in the record, the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.