142 So. 831

## NEWTON v. WILDER.

### 4 Div. 651.

Supreme Court of Alabama.

June 25, 1932.

L. A. Farmer, of Dothan, for appellant.

W. Perry Calhoun and Lee & Tompkins, all of Dothan, for appellee.

BOULDIN, J.

The action was for damages to plaintiff's automobile resulting from a collision with defendant's automobile. The collision is charged to the negligence of defendant in operating his car.

One of the main issues was the extent of injury to plaintiff's car.

While a considerable divergence may be expected in such cases, in this case evidence on the one hand tends to show a virtual destruction of the car in point of value, a damage of some $400, while on the other there is evidence of superficial injuries, fully reparable at cost of $15 to $20.

The plaintiff, on direct examination, testified the value of his car immediately before the collision was $400 to $450, and its value thereafter $25 to $50.

On cross-examination touching the cost of the car, it appeared he had purchased same two to three months before trading for it a Chevrolet car, and a difference of $183, payable in ten monthly installments. It then appeared that the Chevrolet car was formerly owned by plaintiff and a partner; and that, some ten months before trading it for the car here involved, he purchased the half interest of his partner and had run the Chevrolet some 3,000 to 6,000 miles before trading it in. He was then asked what he paid his partner for his half interest in the Chevrolet.

The trial court sustained objection to same, the defendant advising the court that the witness was expected to answer $50.

█ The cost of an article is admissible in evidence to be considered along with all other evidence of value, unless the circumstances indicate such evidence is so remote as to render same of no probative force on the question of present value. Southern R. Co. v. Bailey, 220 Ala. 385, 125 So. 403; Warrant Warehouse Co. v. Cook, 209 Ala. 60, 95 So. 282; Hill Grocery Co. v. Caldwell, 211 Ala. 34, 99 So. 354; 2 Jones on Ev. (2d Ed.) § 704.

█ Under the facts of this case the cost of the Chevrolet car went directly to the cost of the car in suit. The court erred in refusing such evidence.

█ Alva Cumbie, witness for defendant, testified he was an automobile mechanic; that he knew the injured Hudson car before the collision; that he examined the car with reference to its brakes on Monday after the collision had occurred on the preceding Saturday night. He said: "There were no brakes on it, front wheels disconnected, kinder bent, no rear wheel brakes on it at all."

The witness further testified that he made a test on Monday, or two Mondays before the collision, and the brakes were then in the same condition. On motion of plaintiff this evidence was excluded, and objection to further evidence to like effect sustained. This was error. Davis, Director Gen. &c. v. Smitherman, 209 Ala. 244, 96 So. 208.

The fact that the brakes were in the same condition a week or two before the collision they were found to be in after the collision, tended to show their condition at the time of the collision.

If there was any refitting of the brakes, before the collision, this was matter in rebuttal.

The evidence went to the value of the car, as well as to the cause of the collision, a circumstance to be considered in connection with plaintiff's version of the collision.

One phase of the evidence tended to show defendant had brought his car to a full stop when the collision occurred. This was developed later in the trial, but is pertinent in considering whether there was injury vel non in excluding the evidence as to the condition of the brakes.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and KNIGHT, JJ., concur.