GEORGE JANVIER, Judge pro tern.
This is a suit on a policy of automobile collision insurance. The insured car sustained extensive collision damage. The insurer took the position that the cost of repairing the car would exceed its value prior to the accident and that, accordingly, all that the insured was entitled to was the amount representing the prior value less the deductible of $50.00 as provided in the policy, and that, since the loss was total, it,( the- insurer, was entitled to whatever salvage there might be.
*818 The claimant-plaintiff in this suit insisted that the car previous to the accident was worth substantially more than the estimated cost of the repairs and that, accordingly, he was entitled to the amount of that estimated cost, less $50.00 deductible, and was entitled to whatever salvage there might be.
The owner sued for what he alleged was the cost of repairs, less the deductible, and prayed for attorney’s fees and penalties as provided by LSA-R.S. 22:656 and 657 where an insurer arbitrarily, capriciously or without probable cause fails to make prompt payment.
There was judgment for plaintiff as prayed for, and the matter is before us on sus-pensive appeal by the insurer.
When the claim was first presented to the insurer, it took the position that the prior value of the car had been not more than $300.00 and that since the estimated cost of repairs was $328.75, the loss should be treated as total, and that, accordingly, the claimant should receive settlement on the basis of $300.00, representing the prior value less the $50.00 deductible provided by the policy, and that it, the insurer, was entitled to the salvage, or that the insured could retain whatever salvage thereof remained but should be charged $50.00 as the value thereof since an offer of that amount had been received for the salvage.
After considerable haggling it was stipulated according to a signed stipulation in the record that the insurer had increased the original offer using a valuation of $328.75 and had stipulated that it would settle on this basis; in other words, that it would pay to the insured $278.75 and would retain the salvage, or would allow him to keep the salvage charging him $50.00 therefor. The owner refused, contending that he was entitled to the salvage.
The judge a quo, in his reasons, stated that prior to the accident “the fair market value of this automobile was substantially more than the $300.00 offered by the defendant.”
We are unable to agree with this statement. The record leaves not the slightest doubt that the actual value of the car prior to the accident was not more than $330.00. The evidence tendered by the plaintiff is merely conjectural and his own valuation, as he himself states, is based to some extent on sentiment. Furthermore, the amount which the insured offered to accept as the total full value prior to the accident was not $300.00 as stated by the trial Judge but was $328.65 as stated in the stipulation.
In fact, the owner himself at one point in his testimony fixed the value prior to the accident at only $330.00 and there is in the record a letter written by the adjuster of the insured to the attorney for the plaintiff in which he refers to the fact that Mr. Fischer, the plaintiff, had advised that the “total value of the car is $330.00.”
The fact of the matter is that the entire disagreement results from the claimant’s insistence that he could accept settlement on a basis of total loss and himself retain whatever salvage there might be.
If this question required determination we find it in our decision in Dugas v. Insurance Company of St. Louis, La.App., 134 So.2d 634, in which we allowed a deduction from the settlement of the salvage value of the car.
It seems to us perfectly clear that, where an insurer settles on a basis of total loss, whatever salvage may remain belongs to the insurer, and that if the owner desires to obtain that salvage he must do so by purchasing it from the insurer or by allowing a deduction from the settlement of the value thereof.
The judgment appealed from is amended by the reduction of the amount thereof to $228.75 and the elimination of an allowance for penalties and attorney’s fees, and, as thus amended, it is affirmed; plaintiff to pay costs of appeal; defendant to pay all other costs.
Amended and affirmed.