154 So.2d 28

**EMMCO INSURANCE COMPANY**

v.

**Clarence S. HOWELL.**

**1 Div. 18.**

Supreme Court of Alabama.

May 30, 1963.

Johnston, Johnston & Courtney, Mobile, for appellant.

Howell, Johnston & Langford, Mobile, for appellee.

HARWOOD, Justice.

The appellee here, was the plaintiff below. He brought suit against the appellant here, defendant below, to recover damages allegedly due under an insurance policy whereby the appellant had insured the appellee and Associates Discount Corporation "as their interests may appear" against any loss due to collision of an automobile purchased by the appellee.

Trial resulted in a verdict for the appellee, damages being assessed at $2,181.91, and judgment was entered pursuant to the verdict. Appellant's motion for a new trial being overruled, appeal was perfected to this court.

From the opening statements through the arguments to the jury this record is continuously heckled by the lengthly colloquies and bickerings between counsel, and a considerable portion of the labor of reviewing this record has been to separate the grains of evidence from the chaff of these wranglings.

The plaintiff below, appellee here, purchased a 1959 Dodge automobile from Big Three Dodge, Inc., of Mobile. The bill of sale given the appellee on the date of sale, 27 February 1960, shows the list price to be $3,421.50. Optional equipment and accessories added to the car amounted to $1,541.85; sales tax $67.62; freight and handling $118.00, or a total purchase price of $5,148.97.

A credit of $1,700 on the purchase price was allowed as a trade-in on a 1954 Oldsmobile owned by the appellee.

Other than the $1,700 trade-in allowance, the balance of the purchase price of the Dodge was financed by the Associates Discount Corporation.

The defendant below, Emmco Insurance Company, issued a policy of insurance indemnifying the appellant as purchaser, and Associates Discount Corporation, "as their interests may appear," for loss or damage to the Dodge automobile by collision or upset.

The liability under the policy was limited to the actual cash value of the Dodge at the time of loss or damage.

Two weeks and two days after purchasing the Dodge automobile the appellee wrecked it to the extent that it was a total loss except for a salvage value of $250.00.

After the wreck Emmco paid to Associates $3,050 and turned over to them the wrecked Dodge, in settlement of their claim. Emmco maintains this was the cash value of the Dodge at the time it was wrecked. The plaintiff maintains that the cash value of the car was $5,148.97. Hence this suit.

All of the assignments of error pertain to the action of the lower court in denying appellant's efforts to establish the reasonable market value of the Oldsmobile accepted as a trade-in on the Dodge automobile. It is appellant's insistence that the reasonable market value of the Oldsmobile was a factor going to the actual cash value of the Dodge at the time it was purchased, and that evidence of the actual market value of the Oldsmobile should have been allowed.

By innumerable rulings the court made it clear that it considered the reasonable market value of the Oldsmobile to be irrelevant and immaterial in a determination of the cash value of the Dodge at the time it was destroyed.

Appellant's assignments of error Nos. 1 and 2 are as follows:

"(1) The Court erred in sustaining the objection of the counsel for the plaintiff to the following question propounded to the plaintiff as a witness, which reads as follows:

" 'Q. All right sir. Now, since you are so qualified, what was the value of the car you traded in?'

"To which ruling of the Court the Defendant excepted.

"(2) The Court erred in sustaining the objection of counsel for the plaintiff to the following question propounded to the plaintiff as a witness, which reads as follows:

" 'Q. All right sir, then in that event may I refer to plaintiff's Exhibit A and the notation down there wherein they allowed him $1,700.00 in a trade-in. Is this in your opinion a fair, reasonable market value of your trade-in vehicle?'

"To which ruling of the Court the Defendant excepted."

The above questions were propounded to the appellee during his cross examina-

tion. The appellee had testified on his direct examination that he had bought and sold a number of different automobiles during his lifetime and was familiar with the reasonable market value of automobiles, and on his cross examination prior to the above two questions he had testified he was qualified as an expert regarding the value of automobiles. He then testified that the actual cash value of the Dodge automobile immediately before the collision was $5,148.97. We note this was the exact figure shown on the bill of sale as being the purchase price.

As to the questions made the basis of assignments Nos. 1 and 2, counsel for appellee argues that no error resulted from the sustension of appellee's objections to the questions since at no time or place a valuation was fixed, and further, the appellant had the benefit of evidence of the value of the Oldsmobile through the testimony of Fred Roan, President of Big Three Dodge, Inc., that they had "scored" it at "two-fifty," and that this $250.00 was an appraised value of the Oldsmobile.

Just preceding the questions set forth in assignments Nos. 1 and 2, supra, the appellee had testified that the Dodge automobile had not depreciated in value at the time of the wreck from the price shown on the bill of sale, i. e., $5,148.97, and that was the reasonable cash value of the Dodge immediately before it was wrecked.

The appellee was entirely familiar with the transaction concerning the purchase of the Dodge, and the price he paid. The trade-in allowance of $1,700 for the Oldsmobile was shown on the bill of sale for the Dodge introduced in evidence by the appellee. It would, in our opinion, be hypertechnical to conclude that the time and place of reasonable value of the Oldsmobile was not understood by all parties, and the jury, at the time the question set forth in assignments of error No. 1 was propounded. As to the question set forth in assignment of error No. 2, the question referred specifically to the bill of sale which,

**273**

of course, showed the time and place for which the value opinion was sought by the appellee.

As to appellee's contention that assignments Nos. 1 and 2 are without merit because the appellant had the benefit of the same testimony in Mr. Roan's testimony that the Oldsmobile was "scored" at $250.-00, it is sufficient to point out that this testimony was excluded from the jury on motion of counsel for appellee.

Assignments of error Nos. 1 and 2 being in our opinion entirely sufficient to invoke our review, we come now to consider the substance of the points raised by these assignments, that is, whether the court erred in the sustension of appellee's objections to the questions propounded by the appellant seeking to elicit testimony as to the actual reasonable value of the Oldsmobile at the time it was traded in on the Dodge as shedding light on the cash value of the Dodge.

Under the policy the appellant was liable to indemnify to the extent of the cash value of the Dodge at the time of its damage or destruction. The appellant having paid $3,050 to Associates Discount in settlement of their interest, the formula to be applied to ascertain the appellee's interest is the difference between that amount and the amount of the total liability under the policy. New Hampshire Fire Insurance Co. v. Curtis, 264 Ala. 137, 85 So.2d 441; Emmco Insurance Co. v. Yancey, 271 Ala. 550, 126 So.2d 215. The maximum "total liability" is of course the difference between the cash value of the Dodge at the time just preceding the wreck, and its value after the wreck.

"Cost" is the actual price paid for goods. "Price" however, is not necessarily synonymous with "value," or "cash value."

The terms "price" and "value" (as well as "cost") are apt to be sometimes used interchangeably. As stated in Scruggs and

Echols v. Riddle, 171 Ala. 350, at 366, 377, 54 So. 641, at 645, "* * * it cannot be ignored that even in the judicial writings of the most cautious and accurate law writers these terms" (price and value) "have been frequently used synonymously. Our own decisions present many of such instances. It is of course, more to be desired that each term be employed with perfect exactness for 'price' is not necessarily the equivalent of 'value.' The former tokens agreement upon a value by the parties in interest; while the latter is, as a rule, the general estimate of the pecuniary equivalent of the subject of inquiry."

The appellee had introduced into evidence the bill of sale showing that the price which he paid for the Dodge automobile was $5,148.97. One of the factors listed in determining the price paid was the trade-in allowance of $1,700 for the Oldsmobile. Further, the appellee testified that the cash value of the Dodge automobile at the time it was wrecked was $5,148.97, being the exact figure listed on the bill of sale as the price of the Dodge automobile.

The actual value of the Dodge automobile was therefore dependent to a substantial degree upon the actual market value of the Oldsmobile. Whether the trade-in allowance for the Oldsmobile was its reasonable value must be considered as material and relevant in determining the cash value of the Dodge.

In Newton v. Wilder, 225 Ala. 339, 142 So. 831, action was for damages to the plaintiff's automobile resulting from a collision with the defendant's automobile. One of the main issues was the extent of injury to the plaintiff's car. The plaintiff had purchased his automobile two or three months previously, paying therefor a Chevrolet car and an additional $183.00. The plaintiff had originally owned the Chevrolet with a partner, and some ten months previously he had purchased the half interest of his partner. On cross examination the plaintiff was asked what he had

paid his partner for his half interest in the Chevrolet. The trial court sustained an objection to this question. Pointing out that the cost of an article (price) is admissible in the evidence to be considered along with all other evidence of value, unless so remote as to render the evidence of price of no probative value, this court stated: "Under the facts of this case the cost of the Chevrolet car went directly to the cost of the car in suit. The court erred in refusing such evidence." This doctrine, we think, necessitates the conclusion that the lower court erred in sustaining the appellee's objections to the questions set forth in assignments Nos. 1 and 2.

Counsel for appellee argues that the doctrine of Newton v. Wilder, supra, is inapplicable to the present case in that it does not appear in the above said case that there was any agreed upon value placed upon the car traded in, whereas in the present case the value of the Oldsmobile which was traded in was fixed between the Big Three Dodge and the plaintiff at $1,700. While a contractural provision fixing the price at which property is sold is controlling upon the parties (see 46 Am.Jur., Sales, Sec. 179), this principle can have no bearing on the present question since the appellant was not a party to the transaction by which the appellee purchased the Dodge automobile from the Big Three Dodge Company.

In Motor Sales Corp. v. Wisdom, 209 Ala. 242, 96 So. 68, it was held that the court properly permitted the plaintiff to testify that two of the tires on his automobile were new, since "* * * [c]learly, the market value of the touring car would be affected to some extent by the fact that two of the tires were new * * *."

In Mobile Auto Co. et al. v. R. W. Sturges & Co., 107 Miss. 848, 66 So. 205, the Supreme Court of Mississippi could find no force in the contention by the appellants that the appellees were not entitled to recover because they, in disposing of the automobile in question, received in part settlement another automobile. The Mississippi court observed:

"* * * In the disposition of the case, and in order to arrive at the true amount of the loss sustained by appellees, it was only necessary for the chancellor to determine from the proof the value of the car when it was received by appellees at Meridian. This is sufficient evidence to support his finding as to this."

One of the clearest statements of the principles governing the question we are now considering is that set forth by the Supreme Court of Washington in Madden v. Nippon Auto Co. et al., 119 Wash. 618, 206 P. 569. This was a suit to recover damages resulting from an automobile collision. The plaintiff had presented a witness who testified as an expert as to the amount of damages to the plaintiff's automobile. On cross examination this witness was then asked what allowance he had made in his estimate for the cost of repair of the automobile, and what allowance he made for the more general depreciation in value. The court sustained the plaintiff's objection to these questions. In writing to this point the Supreme Court of Washington stated:

"* * * The testimony of the witness as to the value of the automobile after the injury was at best only an estimate. The opposing party was clearly entitled to inquire into the factors he took into consideration in making the estimate * * *."

Numerous other points are argued by the appellant as constituting error. They are not likely to arise in another trial and we pretermit consideration of them.

It is our conclusion that the lower court erred to reversal in rulings above discussed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON. and MERRILL, JJ., concur.