Defendant Charles W. Ham appeals from a $70,000 jury verdict and judgment awarded plaintiff Joyce Hood as a result of an automobile accident. All of the error which defendant insists constituted reversible error pertains to the trial judge's conduct of the trial. We reverse and remand because of the trial court's refusal to admit testimony that defendant's headlights were "burning after the accident."
Defendant's automobile collided with a pickup truck in which plaintiff was a passenger on Alabama Highway 157 in Lawrence County on October 15, 1974, at about 6:00 p.m. in rainy weather. The accident occurred where a driveway to Wiley's Store enters the highway. The plaintiff, Joyce Hood, and her husband, who was driving, left the store in their pickup truck, drinking soft drinks. They both testified that their truck stopped short of the paved portion of the highway, and that they were in the driveway when hit by defendant. The defendant Charles Ham and another eyewitness testified that the Hood truck did not stop at the highway but drove out in front of Mr. Ham. Mr. Ham was driving 40 to 50 m.p.h. down the highway. It was about dark. Defendant and Printiss Orr, a bystander, testified that defendant had his lights on. Another witness testified that defendant's lights were not on just before the accident. This was a critical issue and the evidence on this issue appeared divided between plaintiff and defendant. *Page 764 
Defendant called the wrecker driver to testify that when he arrived at the scene at 7:00 or 7:30 p.m. it was necessary to cut the cables in order to turn defendant's headlights off. The trial court refused to allow the witness to testify on the ground that his testimony would be "too remote."
Defendant contends that this proffered testimony was circumstantial evidence of conditions following the wreck and should have been admitted for the purpose of corroborating defendant's contention that his lights were on at the time of the accident. Plaintiff counters that it would be "too remote" to allow a witness to testify that the lights were burning a considerable time after the accident. Moreover, she contends, this evidence was "discretionary" with the judge. Plaintiff cites these cases as sustaining her position: Malone v. Hanna,275 Ala. 534, 156 So.2d 626 (1963); Chambers v. Cox, 222 Ala. 1,130 So. 416 (1930); Bradley v. Deaton, 208 Ala. 582,94 So. 767 (1922).
While we recognize the general rule that admissibility vel non of such evidence is discretionary with the trial judge, such discretion is not unbridled. See Sorrell v. Scheuer,209 Ala. 268, 96 So. 216 (1923).
Moreover, where, as here, such evidence was critical to the case, and the evidence was otherwise divided on this issue, we hold it was an abuse of discretion for the trial judge to disallow such testimony.
We can see little distinction between permitting a witness to testify what was the condition of the vehicle after the wreck, or what was the position of the vehicles after the accident, or what was the length and course of skid marks leading up to point of impact, or what was the point of impact, in proper cases, and permitting a witness to testify, as in this case, that the headlights were burning after the wreck and that the cable had to be cut in order to turn off the lights. SeeMaslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972);Holuska v. Moore, 286 Ala. 268, 239 So.2d 192 (1970).
It has been expressly held, in an automobile damage suit, that evidence was admissible to show the brakes of the automobile were in the same condition a week or so before the collision as they were found to be in after the collision. This Court wrote (per Bouldin, J.), ". . . [T]hat the brakes were in the same condition a week or two before the collision [as] they were found to be in after the collision, tended to show their condition at the time of the collision." Newton v. Wilder,225 Ala. 339, 142 So. 831 (1932).
This testimony that the headlight cables had to be cut in order to turn the lights off tended to show the condition of the headlights at the time of the collision.
We have not written to the other issues raised on this appeal as we believe they are not likely to arise again in the same context on the retrial.
REVERSED AND REMANDED.
HEFLIN, C.J., and MADDOX, FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.