HORNSBY, Chief Justice.
Phillip Langford appeals from a summary judgment in favor of Federated Guaranty Insurance Company.[1] Langford had sued Federated, alleging fraud and breach of contract in Federated’s handling of his insurance claim.
The trial court in its order granting summary judgment found, and the parties do not disagree, the following facts to be undisputed:
“UNDISPUTED FACTS
“On or about the 8th day of January, 1986 plaintiff purchased a policy of insurance from Federated Guaranty Mutual Insurance Company which has since changed its name to Alfa Mutual General Insurance Company (Alfa Mutual). The policy provided collision coverage regarding an automobile owned by the plaintiff. Regarding such coverage, the insurance policy purchased provided in pertinent part as follows:
“ ‘Coverage E — Deductible Collision.
“‘To pay for loss to the automobile caused by collision with another object or upset of the automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto.
[[Image here]]
“ ‘Limits of Liability — Settlement Options — No Abandonment — Coverage D and E.
“ ‘The limit of liability for loss to the automobile, part thereof, wearing apparel or luggage, shall not exceed the actual cash value nor what it would then cost to repair or replace such property with like kind and quality, less depreciation and the deductible amount applicable....
“ ‘The company may at its option pay for the loss in money or may repair or replace the automobile or such part thereof as aforesaid or may return any stolen property with payment for any resultant damage thereto at any time before the loss is paid or the property is so replaced or may take all or such part of the automobile at the agreed value, but there shall be no abandonment to the company. ...’
“The deductible under the policy of this plaintiff made the subject of this cause was in the amount of $100.00.
“On or about the 23rd of February 1987, while the subject policy was in full force and effect, the plaintiff was involved in an automobile accident in which the automobile made the subject of the policy before the Court was damaged in a fashion covered by the collision coverage of the policy.
“Ronnie Young, a claims representative of Alfa Mutual advised the plaintiff that Alfa Mutual was willing to settle the claim on the basis of a total loss, meaning that Alfa Mutual would pay to him the sum of $3,800.00 for the collision loss which represented an agreed actual cash value of $3,900.00 minus the deductible of $100.00 and he would transfer title to the damaged property to Alfa Mutual.
“On February 27, 1987 the parties agreed that the claim would be settled on the basis of a total loss by Alfa Mutual’s payment of $3,800.00 representing the agreed actual cash value of $3,900.00 minus the $100.00 deductible and the plaintiff’s transfer of the title of the damaged property to Alfa Mutual. On this occasion the payment was made and title transferred from the plaintiff to Alfa Mutual. However, at a point subsequent to that the plaintiff wrote Alfa Mutual saying that it was his desire for Alfa Mutual to transfer title to the damaged property back to the plaintiff in addition to the previous payment of $3,800.00.
“On or about November 17, 1987, the plaintiff instituted this action against *677 Alfa Mutual as a class action, alleging that the ... questions of law common to the class were as follows:
“ ‘(a) Are plaintiff and those similarly situated required to give to defendant the salvage automobile before they are entitled to payment of actual cash value where an automobile has been classified as a total loss?
“ ‘(b) Are plaintiff and those similarly situated required to accept less than actual cash value where they choose to retain the salvage of the insured automobile?’
“The theory of the plaintiffs cause of action was that Alfa Mutual, by and through its agent, misrepresented to the plaintiff that under the laws of the State of Alabama the answer to both questions was in the affirmative.”
The trial court then entered these conclusions of law:
“CONCLUSIONS OF LAW
“The language cited by the Court in the applicable policy under the heading ‘Coverage E — Deductible Collision’ clearly provides that any loss for which Alfa Mutual would owe collision benefits would have a deduction from benefits due of the amount of the applicable deductible, which in this case was $100.00.
“The language contained in the applicable policy under ‘Limits of Liability — 7 With Options — No Abandonment — Coverages D and E’ provides that in the event an automobile is damaged, under circumstances giving rise to collision coverage, the maximum amount due from Alfa Mutual would be either the actual cash value of the vehicle or what it would cost to repair or replace the vehicle with like kind and quality less depreciation, whichever is less, with both limits being subject to the applicable deductible. Further, in the event an automobile is damaged under circumstances giving rise to collision coverage, Alfa Mutual may, at its option 1) pay to the insured the difference in the before and after value minus the deductible, 2) pay for the cost of having the vehicle repaired sufficiently to place it back in the condition in which it existed prior to the accident minus the deductible, or 3) pay the agreed actual cash value minus the deductible and obtain title to the property. The phrase ‘but there shall be no abandonment to the company’ refers to the fact that the decision of which of the three settlement procedures is followed belongs to Alfa and the decision of which settlement procedure will be followed does not belong to the insured. The principle of abandonment has its conceptual roots in [marine] insurance law. Applicable principles provide that in certain circumstances under marine insurance law an insured owner may ‘abandon’ the property to the insurer if he so chooses at his sole option (by delivering title to the damaged property to the insurer) in return for payment of the actual cash value, minus the applicable deductible. Asphalt International, Inc. v. Enterprise Shipping Corporation, 667 F.2d 261 (2d Cir.1981).
“Obviously, when a collision claim is settled on the basis of a total loss, if an insured were entitled to receive the agreed actual cash value of the property plus retain the property (assuming the property was worth anything after the loss) then the insured would be receiving and the insurer would be paying to the insured more than the difference between the value of the vehicle before and after the loss. In a claim settled on the basis of a total loss, this would amount to the insured’s receiving and the company’s paying more than the actual cash value, which would violate the provision that the limit of the insurer’s liability is the actual cash value of the vehicle. Such a scenario would clearly violate the principle in Alabama that a limit of liability to actual cash value places a limit on what an insured can recover of the difference between the value of the property immediately prior to the damaging incident and its value in its damaged condition. Emmco Insurance Company v. Howell, 275 Ala. 270, 154 So.2d 28 (1963), and Daniels v. Turner, 441 So.2d 978 (Ala.Civ.App.1983).
“The principle that when a damaged vehicle has some salvage value but the *678 collision claim is settled on the basis of a total loss, the insurer is entitled to the property, appears to be the applicable principle both in Alabama and elsewhere. In Fischer v. Travelers Insurance Company, 148 So.2d 817 (La.Ct.App.1963), the Court of Appeals for the State of Louisiana when faced with this very issue stated:
“ ‘It seems to us perfectly clear that, when an insurer settles on the basis of total loss, whatever salvage may remain belongs to the insurer, and that if the owner desires to obtain that salvage, he must do so by purchasing it from the insurer or by allowing a deduction from the settlement of the value thereof.’
“See also, Allen v. American Security Insurance Company, 53 N.C.App. 239, 280 S.E.2d 471 (1981) (in the case of the actual total loss where the insurance company pays the full pre-collision value of a vehicle, the vehicle’s owner is expected to give up his right to the vehicle including his right to the proceeds from salvage of the vehicle); Dwane v. West American Insurance Company, 121 N.J.Super. 470, 297 A.2d 865 (1972) (where the insurer was required to settle a claim based upon a total loss due to its delay in having the vehicle repaired, the insurer was entitled to recover the car and secure the salvage, if any); Kikendall v. American Progressive Insurance Company, 457 So.2d 53 (La.Ct.App.1984) (the insurer is entitled to a credit for salvage value, if there is any); Rose v. United States, 229 F.Supp. 298 (S.D.Cal.1964) (under the statutes of the State of California, whenever a marine insurer pays for a loss as if it was an actual total loss, he is entitled to whatever remains of the subject matter insured or its proceeds of salvage, to the same extent as in the case of a formal abandonment); ... Spivey-Johnson Portrait Company v. Belt Automobile Indemnity Association, 210 Ala. 681, 99 So. 80 (1924).
“JUDGMENT
“It is therefore ORDERED, ADJUDGED, CONSIDERED AND DECREED as follows:
“[Sjummary judgment is entered in favor of Alfa Mutual and against the plaintiff on the basis that the undisputed facts presented to the Court entitle Alfa Mutual to a judgment as a matter of law.”
Langford contends that the trial court erred in that the only deductions from actual cash value specifically provided for in the policy were depreciation and the applicable deductible. He is not arguing that the transfer-of-title condition is unreasonable but rather that “[t]he defendant drafted the language of the policy and was free to put in policy language to create the ‘condition precedent’ it now seeks to create.” He argues that, at best, the policy written by Federated is ambiguous, and he correctly notes that if the language of the policy is ambiguous, it must be construed in a manner most favorable to the insured. Newton v. United Chambers Insured Plans, 485 So.2d 1147 (Ala.1986).
In considering the policy language as a whole, however, it must- be remembered that the insurer’s liability is for “loss to the automobile,” not loss of the use and enjoyment of the automobile, and that the loss shall not “exceed the actual cash value nor what it would then cost to repair or replace.” Whatever salvage value the car has is not a “loss.” The insurance company agreed to treat the situation as if there had been a “total loss” and to pay that “loss in money” if the insured transferred title to the salvage, or to pay for the actual “loss,” i.e., the actual pre-damage cash value minus salvage value.
We find the policy to be unambiguous, and to authorize the actions taken by the insurer. Therefore, there was no breach of contract and no misrepresentation. The judgment is affirmed.
AFFIRMED.
JONES, ADAMS, HOUSTON and KENNEDY, JJ., concur.

. Federated has now changed its name to Alfa Mutual General Insurance Company.