126 So.2d 215

EMMCO INSURANCE CO.

v.

Ollie YANCEY.

8 Div. 52.

Supreme Court of Alabama.

Jan. 12, 1961.

Lusk & Lusk, Guntersville, for appellant.

Clark E. Johnson, Jr., Albertville, for appellee.

STAKELY, Justice.

In September 1958 Ollie Yancey (appellee) purchased of Edmunds Ford, a Birmingham dealer, a 1956 Chevrolet dump truck. The total price for the sale was $3,960.30, of which the buyer paid $600 cash "down payment" and an additional

$600 by way of "trade-in" on a 1952 Ford Truck. The balance of the total price, $2,760.30, Ollie Yancey promised to pay in eighteen monthly installments. These payments were secured by a conditional sales contract. The sale was financed by Associates Discount Corporation, to which the sales agreement was immediately assigned. Associates Discount Corporation is a subsidiary corporation of Associates Investment Company. This sales agreement contained a clause providing for the acceleration without notice of all unpaid installments upon failure of the buyer to pay any installments when due. The first installment payment according to the sales contract was to become due on November 15, 1958.

In accordance with the requirements of the sales agreement, insurance was obtained on the truck from Emmco Insurance Company, a corporation (appellant), another subsidiary of Associates Discount Company. The insurance policy, issued the day of the sale, named as insureds both the appellee and Associate Discount, "as their interests may appear." The provisions of the policy limited the liability of the appellant for loss to

"(1) the actual cash value of the automobile, or if the loss is a part thereof the actual cash value of such part, at time of loss or (2) what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, or (3) the applicable limit of liability stated in the declarations."

The declarations state the "limits of liability" to be "actual cash value."

On December 2, 1958, while appellee was operating the truck, the vehicle caught fire and was badly burned. Appellant's adjuster towed the truck to Birmingham. In April 1959 appellant delivered the truck, unrepaired, to Associates Discount and remitted to that company the sum of $1,007.52, which amount appellant contends represented the reasonable cost of repairing the truck, based on examination of the truck and estimates of the extent of damage.

This action was brought by the appellee, the buyer, against the appellant, the insurer, on the contract of insurance. Appellant filed Plea 2, setting up the aforementioned liability provisions of the policy and alleging that appellee was in default of payments under the sales agreement, that the then cost of repairing the truck was $1,007.52, that this amount was paid to Associates Discount on April 6, 1959, and the said damaged truck was delivered to it by the defendant, plaintiff then being indebted to Associates Discount Corporation under said mortgage in excess of the amount so paid and the value of said salvage so delivered. Demurrer to Plea 2 was overruled by the court.

The jury returned a verdict for appellee in the amount of $1,740.02. Appellant made a motion for a new trial. The motion was denied and the appellant appealed.

There was evidence dealing with the question of the appellee's default vel non on the sales agreement. While we are doubtful of the competency of this evidence, the court allowed the evidence, with the result that there was evidence before the jury tending to show that Ollie Yancey was not in default under the sales agreement.

On this appeal the only assignment of error is the denial of the motion for a new trial and the only grounds of the motion which are argued in brief by the appellant are with reference to the testimony which was admitted in evidence to show that the contract was not in default.

Upon a consideration of the matter, however, we have concluded that it is not necessary to decide the questions of the admissibility or the legal effect of the evidence introduced by the plaintiff to show that the contract was not in default.

In New Hampshire Fire Insurance Co. v. Curtis, 264 Ala. 137, 85 So.2d 441, a case which, as this one, was a suit by a conditional buyer of a motor vehicle on an insurance policy containing an "as their

**552**

interests may appear" clause, against an insurer who had made a payment to the finance company, the assignee of the conditional seller, this court, among other things, said:

"Under such a clause in the policy the insurer agreed to a split in the amount of liability for the damage or loss between the insured as the purchaser and the acceptance corporation as the conditional seller. The effect of the principle justified a separate claim by each. The acceptance corporation thereby has the first right to the extent of the amount owing it by the insured [the conditional buyer], not exceeding the total liability; and the insured * * * is entitled to the balance * * * of such liability * * * The true measure of defendant's [insurer's] liability to plaintiff [insured buyer] * * * was the difference between the total liability for the loss with interest and the amount of the debt of plaintiff to the acceptance corporation. As to the debt due the acceptance corporation, defendant's [insurer's] settlement with it and its release in full for [a particular] sum * * * is conclusive on defendant for the purpose of this suit that such liability was no more than that amount. Therefore, to ascertain plaintiff's interest in the loss the formula to be applied is the difference between that amount and the amount of the total liability." (Brackets supplied.)

Consistent with this analysis and with the notion that under an "as their interests may appear" policy, there are two separate claims, whose aggregate is limited to the total contractual liability of the insurer, this court further said that

"The fact of plaintiff's [buyer's] default in his payments to the acceptance corporation and his failure to clear that up is not a material factor except in respect to the amount of the debt to be paid to the acceptance corporation and its right to repossess the truck." (Brackets supplied.)

Under the principles enunciated in the New Hampshire Fire Insurance Co. case, the default of the buyer, the appellee, on the sales agreement would not constitute a bar to his claim against the insurer, the appellant, but would only relate to the determination of the amount of the debt to be paid to Associates Discount Corporation and its right to repossess the truck. The amount of insurance payable to Associates Discount Corporation for the purposes of this present litigation has already been determined by the appellant's remittance to the company in April 1959 of the sum of $1,007.52. And so assuming, without deciding, that the admission of the testimony relating to the purported default in the sales contract was erroneous, it was error without injury to the appellant and is not now a proper ground for reversal. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.