217 So.2d 251

**SOUTHEASTERN FIRE INSURANCE CO.**

v.

**Edna SHUBERT.**

**7 Div. 904.**

Court of Appeals of Alabama.

Dec. 10, 1968.

Beck & Beck, Fort Payne, for appellant.

L. Clyde Traylor, Fort Payne, for appellee.

PRICE, Presiding Judge.

This is an action by Mrs. Edna Shubert against Southeastern Fire Insurance Company to recover damages allegedly due for the loss of her automobile under a policy of insurance issued by appellant insuring the car against loss by fire or theft.

The complaint is in two counts. Count one alleges destruction of the car by fire. Count A alleges theft of the automobile.

Trial by a jury resulted in a verdict for plaintiff, with damages assessed at $950.00. Defendant appeals.

Appellant sets up as a defense to the action based on the policy in question that plaintiff was not entitled to recover because prior to its loss or destruction the plaintiff had transferred the title of the automobile to her grandson, Harold Welter, or that the automobile belonged to the American Discount Company.

The evidence shows that plaintiff purchased a 1963 Ford Galaxie automobile from John Thomas Motors, of Gadsden. The bill of sale given the plaintiff, Mrs. Edna B. Shubert, on the date of sale, August 30, 1963 shows the total price as $2939.40. Allowance of $1339.40 was given as a trade-in on a 1960 Pontiac. The balance of the purchase price, after adding sales tax, etc., of $1627.75, was financed by the American Discount Company of Georgia, under a conditional sale contract, with monthly payments of $62.97.

The defendant below, Southeastern Fire Insurance Company, issued a policy of insurance indemnifying the plaintiff as pur-chaser or borrower and American Discount Company, "as their interests may appear," for the loss of the automobile by fire or theft. The limit of liability for loss under the policy was the "actual cash value of the property."

Under the terms of the policy the "named individual" is defined as the purchaser or borrower. The policy defines the "Insured" as the "Named Individual" or any person using or having custody with the insured's permission.

The plaintiff introduced in evidence a bill of sale for the car from John Thomas Motors, a conditional sale contract held by American Discount Company and the policy of insurance, all of said exhibits showing the plaintiff as the owner of the automobile.

Mrs. Shubert testified she had never at any time given, sold or transferred the automobile to anyone. Her grandson, who lived in a garage apartment in back of her house, was allowed to use the car and did use it all the time, but that the car was only loaned to him.

Mr. W. F. Campbell, Credit Manager for the finance company, called as a witness for defendant, testified the records of his company listed Mrs. Shubert as the owner of the automobile and that her grandson, Harold Welter, would be the principal driver. This witness stated that the finance company and the insurance company were owned by the same corporation; that their offices were in the same building and they had complete access to each other's files; that the finance company was agent for the insurance company.

Plaintiff's evidence tends to show that in May of 1964, the automobile was taken from plaintiff's driveway without her knowledge or permission and that it was later found stripped and burned. Mrs. Shubert had made ten monthly payments and continued making payments to the finance company for about two months after the car was burned and then stopped making payments.

According to Mr. Campbell's evidence, the balance due the finance company after repossessing the salvage was $1549.72, reduced by premium rebates to $1415.77, which amount was paid in full by the defendant insurance company. The salvage was sold for $87.50.

Mrs. Shubert testified the cash value of the automobile before its loss was $2500.00 and after it burned its fair market value was about $100.00. Mr. Chris Johnson testified he purcased the salvage for $127.50.

As a witness for defendant, James A. Davis, a state investigator testified that during the course of the investigation of the burning of the automobile he talked with Mrs. Shubert and her grandson; that the grandson said Mrs. Shubert purchased the automobile for him in her name because he was under age; that he was the owner of the car and was making the payments on it. He testified on cross examination that Harold Welter was later indicted for arson for the burning of the car.

Mr. G. H. Noles, Chief Criminal Investigator for DeKalb County, testified the automobile had been stripped and burned; that Harold Welter, plaintiff's grandson, was indicted for and plead guilty to a charge of arson.

■ The first assignment of error is predicated on the following incident:

By plaintiff's counsel: "Now, Mrs. Shubert, just before the automobile was burned or stolen and burned—now, that was your automobile wasn't it?"

Defense counsel objected to the question because "leading and suggestive." The court overruled the objection. Plaintiff's counsel stated:

"She has already answered it. Now, you have owned several automobiles in your lifetime, haven't you?"

Argument in brief is that "these leading questions had been very relevant and consistent on the part of counsel for plaintiff;" and, "This was an abuse of the discretion of the court and permitting the continuation of this form of questioning by the counsel for the plaintiff."

No other such incident is cited, and the witness did not answer the question. There is no reversible error in this ruling of the trial court.

■ Assignments of error 2 and 3 relate to the court's action in overruling objections to the introduction in evidence of plaintiff's exhibits 4 and 5, which are as follows:

"a
   d
     c

AMERICAN DISCOUNT COMPANY

201 South First Street
P. O. Box 520 Liberty 6–6325
Gadsden, Alabama 35902

October 5, 1964

Mrs. Edna A. Shubert
Route 3
Henegar, Alabama

Acct. No 116–001–27920–10

Dear Mrs. Shubert:

Since we have had no response to our previous correnspondence regarding payment on your account with our office, it is assumed that you have no intention of continuing regular monthly payments on this account. Also, in view of the fact that the account is past due for the August and Sep-

tember 10 installments, we are, by this letter, declaring the outstanding indebtedness of $1,637.22 due and payable in full.

Unless funds are received to pay this account in full within five days from receipt of this letter, we shall declare the automobile a repossession and proceed to liquidate our outstanding balance without further notice.

Yours very truly,

NB:ne
AMERICAN DISCOUNT COMPANY<br>Ned Bender, Manager"

Plaintiff's Exhibit 5:

"a

  d

    c

AMERICAN DISCOUNT COMPANY

225 Broad Street<br>P. O. Box 510 Liberty 6-6325<br>Gadsden, Alabama

July 22, 1964

Mrs. Edna Shubert
Route 3
Henegar, Alabama

Re: Account Number 116-001-27920-10

Dear Mrs. Shubert:

Our records indicate that the physical damage insurance on your *1963 Ford* which you have financed with our company will expire *August 30, 1964*. Please advise on or before the above mentioned date whether or not you wish this policy extended for an additional 12 months, or if you plan to furnish our office with a policy through another company.

"If we have not heard from you by *August 30, 1964*, it will be necessary that we renew this policy for an additional *12* months and bill you for the amount of the premium.

This can be handled very simply if you will contact our office either in person or by phone prior to *August 30, 1964*. If you would like, we can revise your account to include the renewal premium in your payments.

Yours very truly,<br>AMERICAN DISCOUNT COMPANY<br>Credit Manager

THE MOST TRUSTED NAME IN AUTOMOBILE FINANCING."

———◆———

These letters were written to plaintiff by the finance company several months after the automobile was destroyed.

The letters showed the finance company recognized the plaintiff as the owner of the automobile and were admissible as tending to refute defendant's contention that American Discount owned the car.

Assignment of error 6 is that the court erred in overruling appellant's demurrer to count A of plaintiff's complaint. Count A reads in pertinent part:

"The Plaintiff claims of the defendant the sum of Two Thousand Nine Hundred Sixty-Seven and 15/100 Dollars, the value of an automobile which the defendant on the 30th day of August, 1963, insured against loss or injury by fire and other perils including theft in the policy of insurance mentioned, for the term of one year, which automobile was lost by theft on, to-wit: May 3, 1964, of which the defendant has had notice. The policy of insurance is the property of the Plaintiff."

The grounds of demurrer are: That said count does not state a cause of action; that said count avers that "said loss accrued by fire and theft which is redundant and contradictory;" that plaintiff cannot recover "for fire loss and theft loss" in the same count; that said count "avers recover for theft and alleges a loss by fire and theft."

We find no merit in appellant's insistence that the plaintiff claims for a loss by fire and for a loss by theft in the same count. The demurrer was properly overruled.

■ Defendant requested the following charges:

"1. The Court charges the Jury under the evidence in this case you must return a verdict in favor of the defendant."

"2. The Court charges the Jury that if you believe the evidence in this case your verdict should be in favor of the defendant."

The argument in brief that defendant was entitled to have these charges given is that the entire transaction was based on theft; that there was no taking and carrying away of the automobile within the terms of the policy because the undisputed evidence is that plaintiff's grandson, Harold Welter, had possession of and was the absolute owner of the car and there could be no felonious taking. Further, that plain-tiff could not recover for the theft or burning of the automobile because it belonged to her grandson. Cited and relied on is Phoenix Assurance Company, Limited, of London v. Eppstein, 73 Fla. 991, 75 So. 537. In that case the insurance policy contained the provision, "against loss or damage occasioned by theft, robbery, or pilferage * * * by any person or persons other than those in the employment, service, or household of the insured." The pleas set up the defense that the automobile was stolen or damaged by plaintiff's regularly employed Chauffeur. No such provision appears in the policy before us.

In Railway Express Agency v. Burns, 255 Ala. 557, 52 So.2d 177, the court said:

"It is not proper to charge the jury that if they believe the evidence they must find for the defendant unless the evidence is clear, without conflict, and leaves nothing to be done except to draw a legal conclusion from the facts."

The evidence here is in conflict and presented questions for the jury to determine. The charges were properly refused.

The charges applied to the whole complaint, so that the cases holding that such charges are refused without error for the sole reason that they are not in proper form are not applicable. Mobile & Ohio R. R. Co. v. George, 94 Ala. 199, 10 So. 145; Railway Express Agency v. Burns, supra.

■ The appellant's argument that plaintiff was not entitled to recover because of the retention of title clause in the conditional sale contract until payment of the purchase price, is without merit. It is well settled that a purchaser under a conditional sales contract, under the terms of which the title is not to pass until payment of the purchase price, has an insurable interest. Commercial Union Fire Insurance Co. of N. Y. v. Parvin, 279 Ala. 645, 189 So.2d 330, and cases there cited. The buyer's interest is the difference between the amount paid to the finance company

and the amount of the total liability under the policy. Emmco Insurance Company v. Howell, 275 Ala. 270, 154 So.2d 28; New Hampshire Fire Insurance Co. v. Curtis, 264 Ala. 137, 85 So.2d 441; Emmco Insurance C. v. Yancey, 271 Ala. 550, 126 So.2d 215.

We have considered the assignment of error based upon the overruling of the motion for a new trial on the grounds that the verdict is contrary to the evidence, and are of the opinion that after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is not so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

The judgment is affirmed.

Affirmed.